ROBERT R. RICHARDSON *vs.* WM. A. RIDGELY, *et al.*
*June*, 1836.

R, the devisee and owner of a tract of land incumbered with the payment of a legacy, sold and conveyed it to E, with a general warranty. The purchaser executed a mortgage to R, to secure the unpaid part of the purchase money. After this A sold land to R, and took from him an assignment of E's mortgage, to secure his consideration money, which declared that A received the assignment of the mortgage without any sort of recourse to R, for the payment of the mortgaged debt, or any part thereof, he relying wholly upon the mortgage. On a bill filed by A, against R, to enforce an alleged lien on the tract sold by A, for the unpaid purchase money, *it was held,* that A, had no lien thereon.

APPEAL from the court of *Chancery.*

*Charles W. Ridgely,* by his will executed on the 13th day of September, 1810, devised a tract of land to each of his sons, encumbered with the payment of a legacy to his daughter *Ruth,* who afterwards intermarried with *John Baltzell. William A. Ridgely,* one of the appellees, sold the tract devised to him charged as aforesaid to *Edward Rider,* by deed, dated November 30, 1820, with a general warranty. *Rider,* on the day of the conveyance paid part of the purchase money, and executed to *Ridgely,* a mortgage of the same land to secure the payment of the balance. On the 17th of September, 1821, the complainant sold and conveyed to the defendant *Ridgely,* a tract of land for the sum of $4,830, the consideration expressed in the deed, and to secure the payment thereof, took from *Ridgely* an assignment of the mortgage from *Rider* to him, in which the following expressions are used: "It being however, expressly declared and understood, that the present assignment is taken and received by the said *Robert R. Richardson,* without any sort of recourse to the said *William A. Ridgely,* or his representatives, for the payment of the said mortgage debt, or any part thereof, he relying wholly upon the said mortgage," &c. *Richardson,* the complainant filed a bill against *Rider* to foreclose the mortgage, in answer to which, the latter alleged and obtained an allowance for a deficiency in the quantity.

On the 9th of July, 1824, *Baltzell and wife* filed their bill against the defendant, *Wm. A. Ridgely*, and the other devisees of *Charles W. Ridgely*, to subject the lands devised to them, to the payment of her legacy; and the complainant was compelled to pay the portion charged on the land devised to *William A. Ridgely*, the mortgage of which, by *Rider*, had been assigned to him as aforesaid.

The object of this bill, which was filed on the 20th day of August, in the year 1828, is to obtain a reimbursement of the sums thus allowed to *Rider*, and the amount paid *Baltzell* and wife, upon the ground, that to the extent of those sums, the mortgage debt was insufficient to pay the purchase money of the land sold by the complainant to *Ridgely*, the defendant.

The bill prayed a personal decree against *Ridgely*, and a sale of the land sold him by the complainant to satisfy the vendor's lien for the balance of the purchase money.

On the hearing the Chancellor, *Bland*, dismissed the bill with costs, and thereupon the complainant appealed to this court.

The cause came on to be argued in the Court of Appeals, before BUCHANAN, Ch. J. and STEPHEN, ARCHER, DORSEY, and SPENCE, Judges.

BREWER and MAYER for the complainant contended:

1. That *Rider* had under the warranty in his deed from *Ridgely*, a right to redeem on paying the residue of the purchase money or mortgaged debt, less the amount of the incumbrances, and on a foreclosure that alone could be recovered from him. 7 *Bac. Abr.* 247, 248. *Ten Broeck vs. Livingston*, 1 *John. Ch. R.* 357. *Judson vs. Wass*, 11 *John.* 525.

2. That *Richardson*, to whom the mortgage was assigned by *Ridgely* to pay a sum as large as the whole amount due upon it, could recover no more than *Ridgely*, and consequently the purchase money of the land he sold the latter, is unpaid to the extent of the incumbrance, which gives him a

right for that amount to look to *Ridgely*. *Sugden Vendors*, 347.

3. That he had the same right under the equitable obligation of every vendor to convey a good title, clear of incumbrances, to his vendee, and no more could be recovered from him on a bill to foreclose. *Dutricht vs. Melchor*, 1 *Dallas*, 428. *Dorsey vs. Jackman*, 1 *Serg. and Rawl.* 42. *Ib.* 53. *Steinham vs. Witman*, *Ib.* 438. 1 *Nott and McCord*, 190.

4. That he had a right to be allowed for the deficiency in the number of acres, both on the warranty, and upon equitable principles, independent of warranty. *Abbott vs. Allen*, 2 *John. Ch. R.* 519. *Stockton vs. Cook*, 3 *Mumford*, 68. *Van Eps vs. Corp. of Schenectady*, 12 *John. R.* 436. *Caswell vs. Black River Man. Co.* 14 *John. R.* 453.

5. That the concealment by *Ridgely* of this incumbrance, and of the deficiency in the quantity of land, from *Rider* and *Richardson*, was a fraud upon both, and he is bound in consequence to make good the injury which has been sustained by it.

6. That the lien on the land for the residue of the purchase money still exists; the land being in the hands of *Ridgely*, and mere volunteers under him.

7. That the allegations in the bill are ample to charge *Ridgely* with fraud; but if not, the exceptions are insufficient under the act of assembly, to enable the defendant to avail himself of the defect.

ALEXANDER, for the appellees, contended.

1. The consideration of the conveyance from the appellant to the appellee, *William A. Ridgely*, was the deed of assignment, from *William A. Ridgely* to the appellant. The agreement between the parties, being for a transfer of the right of the one party in the land conveyed, in exchange for the interest of the other in the mortgage assigned. *Jones vs. Sluby*, 5 *Har. and John.* 382. *Bre vs. Holbech, Douglass*, 654.

2. There is no ground whatever for imputing fraud, misrepresentation, or concealment on the part of *William A.*

*Ridgely*, in the transaction. On the contrary, it is apparent, the appellant had sufficient notice, or means of acquiring notice of every pretence of equity on the part of *Rider*.

3. That if the appellant has ever paid any moneys, as alleged in the bill, he made such payments without any just or legal cause, and such payments, were therefore made in his own wrong, for which the appellees cannot in any manner be responsible.

4. That if the appellant was responsible for the sums of money, which he may prove he has paid, he will yet have no claim to be reimbursed by the defendants, because the assignment by *William A. Ridgely* to the appellant, was made without any warranty, and expressly without recourse, and therefore, on a defect of title in said mortgage, the appellants could have no recourse whatever, against his assignor. *Winch. vs. Winchester*, 1 *Ves. and B*, 375. *Boar vs. McCormick*, 1 *Serg. and Rawl*. 166.

It is not pretended that *Rider* was evicted from any part of the mortgaged premises. So long as he remained in possession, he would not have been permitted to moot any question of title with his mortgagee. He was bound to pay the mortgage debt, and in case of future eviction to rely on his covenants. The appellant's responsibility must therefore have been the consequence of his own acts. *Sugden*, 350. *Abbott vs. Allen*, 2 *John. Ch. C.* 519.

The land conveyed by the appellant to *William A. Ridgely*, cannot be held responsible for any defect in the title to the mortgage assigned, as there is no stipulation whatever to that effect in either conveyance.

The lien of the vendor was discharged by taking an assignment of the mortgage. *Cood vs. Cood and Pollard*, 4 *Exch. Rep.* 314. *Fish vs. Howland*, 1 *Paige*, 20. 4 *Wheat. Rep.* 294.

SPENCE, Judge, delivered the opinion of the court.

The complainant in this cause aims to establish an equitable lien on certain real estate, conveyed by him to the respon-

dents by a deed dated the 17th day of September, 1821, for a part of the purchase money still due and unpaid as he alleges in his bill.

The complainant charges in his original bill that, "the consideration aforesaid which is expressed in said deed, was not paid to your orator at or before the execution and delivery of the said deed, but the said *William A. Ridgely*, assigned to your orator in payment thereof a mortgage from a certain *Edward Rider* to him;" and in his amended bill, the complainant charges that, "the consideration aforesaid which is expressed in the said deed, was not paid to your orator, at or before the execution and delivery of the said deed; but the said *William A. Ridgely*, assigned to your orator to secure the payment thereof, a mortgage from a certain *Edward Rider*, to him."

From the complainant's own shewing it is clear, that he took a distinct and independent security for the purchase money, and that he did not trust to the estate conveyed by him to *Ridgely*, as a pledge for his purchase money.

If we were embarrassed with doubts either as to the correctness or proper interpretation of the rule of law laid down in *Sugden on Vend*. 387, viz : "that where a vendor accepts a mortgage of another estate for the purchase money, the obvious intention of burthening one estate, being that the other shall remain free and unincumbered," "and that the vendor's lien on the estate is gone." We should be driven to this conclusion in the case now under consideration, by the express declaration and understanding of the complainant, as manifested in the assignment of the mortgage from the respondent to him, wherein the contracting parties express themselves in this strong and unequivocal language. "It being however expressly declared and understood, that the present assignment is taken and received by the said *Robert R. Richardson*, without any sort of recourse to the said *William A. Ridgely*, or his representatives for the payment of the said mortgage debt, or any part thereof, he relying wholly upon the said mortgage, upon the bonds or obliga-

tions given by him to said *Ridgely*, and referred to in said mortgage, and this day assigned by said *Ridgely* to said *Richardson.*" It has been earnestly urged in the argument by counsel, that the complainant in accepting the assignment of the mortgage, did not waive his lien upon the estate conveyed by him, and that the mortgage failing to produce the amount of money for which it was accepted by him, that he could go over upon his equitable lien.

The conclusive answer to this argument is the complainant's own acknowledgment, expressed in the assignment of the mortgage, as to the terms upon which he accepted it, viz : that he received it without any sort of recourse to the said *William A. Ridgely*, or his representatives, for the payment of the said mortgage or any part thereof. From all which we are of opinion, that the lien of the said *Richardson*, upon the lands conveyed, was by him waived and is gone.

The complainant's counsel in their arguments insisted, that *Richardson* received the assignment from *Ridgely*, under a mistake produced by the misrepresentation of *Ridgely*, as to the actual amount due; but the record contains no proof to sustain the argument. The amended bill charges and avers, that when he, *Richardson*, agreed to take the assignment of the said mortgage as aforesaid, he was utterly ignorant of the said lien on said mortgaged premises, but the same was well known to the said *Ridgely*, and was fraudulently concealed by him from your orator.

We have carefully examined the record for the evidence to sustain this charge of imposition and fraud, but in vain. For from the complainant's own testimony it is almost demonstrable, not only that *Ridgely*, did not fraudulently practice upon and overreach the said *Richardson*, but that it was almost impossible that he could have done so, if such had been his design. He, *Richardson*, was the husband of *Ridgely's* sister, and derived as devisee under the same will of *Charles Ridgely*, a farm in right of his wife, by which *Ridgely* derived his title to the lands sold to *Rider*, and which was by him mortgaged to *Ridgely*, and the same land described in the

mortgage assigned to *Richardson*, and the charges now complained of, viz : *Baltzell's and wife's*, was a legacy to the sister of this complainant's wife, and charged upon the land by the same last will of their father, by which *Richardson*, derived the said farm in the right of his wife.

Under these circumstances we cannot therefore but conclude, that *Richardson* was aware of the provisions of the last will and testament of *Charles Ridgely*, and consequently, aware of the incumbrances to which the mortgaged premises he accepted as a security for his purchase money might become liable under that will; and we also conclude, that the arrangement between *Richardson* and *William A. Ridgely*, was made with full knowledge of all the facts now relied on to impeach it, and that *Ridgely's* conduct in the transaction is clear of fraud, or proof of misrepresentation, or deception of any kind : viewing the complainant's bill in either aspect, either as a bill to enforce a lien, it has already been shown that no lien existed; that the nature of the original contract was inconsistent with the idea of a security of that description being reserved in this case—or as a bill claiming redress upon the footing of fraud or misrepresentation, that neither is sustained by proof; we are of opinion that the decree is in no respect erroneous, and *affirm the same with costs to the appellees.*

DECREE AFFIRMED.